FRANK A. WEISER (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
1940 CARMEN, LLC,
a California Limited Liability
Company, ALEXANDER
STEIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1940 CARMEN, LLC, a California Limited Liability Company; ALEXANDER STEIN, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, a municipal corporation; CHERILYN DAVIS; and DOES 1-10 inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** <br><br> [Violation of Federal Civil Rights under 42 U.S.C. Section 1983] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs 1940 CARMEN, LLC, a California Limited Liability Company, ALEXANDER STEIN ("CLLC," "A. STEIN," or collectively "Plaintiffs") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the First, Fourth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that all the individual defendants reside and are employed in this District, and the claims arose in this District.

## PARTIES

3. Plaintiffs are the legal and beneficial owners and operators of real property which operates as an apatrment building at 1940 Carmen Avenue, Los Angeles, CA 90068 (the "Property") that is located in the Hollywood district of the City of Los Angeles.

4. Plaintiffs sallege that the Defendant CITY OF LOS ANGELES ("City") is, and at all times herein mentioned was, a municipal corporation organized under the laws and constitution of the State of California.

5. Plaintiffs allege that the Defendant CHERILYN DAVIS ("Davis" or "Individual Defendant") are, and at all times herein mentioned were employees of the City. Such defendants are sued in both their official and individual capacities.

6. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiff are unknown to him at this time. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## FACTS COMMON TO ALL CLAIMS

7. Plaintiff A. Stein is a successful businessman and a very well respected cardilogist. He is the principal member of CLLC, a duly formed and in good standing California limited liability company that owns and operates for him the subject property..

8. Defendant Davis is an investigator for the City employed by one of the City's agencies called the Los Angeles Housing & Community Investment Department ("HCIDLA")..

9. Within the last month from the filing of this complaint, a dispute arose between plaintiffs and the City and the individual defendants as to whether the subject property is being operated in violation of the City's Rent Stabilization Ordinance ("RSO").

10. Specifically, the Ciuty and Davis has accused plaintiffs of renting out units by way of a commercial advertising and leasing platform called AIRBNB in violation of the City's

3

RSO.

11. Plaintiffs are not in violation of the City's RSO and are leasing units in full compliance of the RSO.

12. One of the subject property's recent tenants in approximately the last three (3) months is an individual called DYNEKA COLLIER ("DN") who rented on unit 3 at the subject property for more than thirty (30) days, by way of an advertisement of AIRBNB

13. During the course of renting the unit at the subject property, DN has at all material times refused to pay the rent agreed upon and is doing so not out of any economic distress or health issues related to the receny COVID 19 pandemic.

14. Rather, DN believes that having now procured the unit, she can with the assistance of Davis and the City refuse to pay rent during the period of the City's eviction moratorium and reside at the subject property without having to do so.

15. In response to DN not paying the agreed upon rent, plaintiffs had a three day notice to pay rent or quit the possession of the unit ("3 Day Notice") served on DN.

16. After DN was served with the 3 Day Notice, DN made a complaint with the HCIDLA alleging that plaintiffs by serving her with the 3 Day Notice was in violation of the City's eviction moratorium ordinance and that the plaintiffs were required to offer her a written lease agreement on more favorable terms than she plaintiffs are willing to offer.

17. The unit that DN ipresently occupies is fully furnished by plaintiffs and the plaintiffs presentlyb pay the utilities for the unit.

18. After the HCIDLA received the complaint from DN, Davis was assigned to investigate the matter.

19. Davis has had previous contact with the subject property and the plaintiffs having investigated shortly before another complaint by a former tenant who had not paid the rent for over a year and who after the California Fair Housing & Employment Department ("FEHA") recently closed her complaint of discrimination for lack of evidence, then voluntarily moved from her unit.

20. During the course of Davis' previous involvement and investigation regarding the other tenant other than DN, she came onto the property, which is locked to the publi, unannounced and without a warrant, court order or consent of the plaintiffs and attempted and conducted inspections of the subject property.

21. Further Davis in conducting her investigations regarding the other tenant and DN was extremely hostile and threatening to plaintiffs' employees.

22. Within the course of Davis' involvement in investigating the complaint made by DN with the HCIDLA, Davis wrote a letter on or about July 7, 2020 to plaintiffs' attorney demanding that plaintiffs withdraw the 3 Day Notice served on DN as being in violation of the City's eviction moratorium; and further demanding that plaintiffs provide DN with a lease agreement on the terms DN is demanding.

23. The service of 3 Day Notice on DN is not in fact in violation of the City's eviction moratorium, and even if it was, such a requirement would be an unconstitutional condition imposed on a property owner such as plaintiffs in violation of their First Amendment rights under the Petition and Grievances Clause.

24. At this time, the plaintiffs have not attempted to file suit to evict DN.

25. In response to Davis' July 7, 2020 letter to plaintiffs' attorney, the plaintiffs' attorney responded to Davis on or about July 9, 2020 demanding an immediate appeal for a City HCIDLA General Manager's hearing as a matter of right under the City's municipal code of the alleged violations and demands made by Davis in her letter.

26. In doing so, plaintiffs' attorney clearly delineated the constitutional objections to Davis' allegations and demands and denied that the subject property was in violation of the RSO or other City ordinances.

27. In response to plaintiffs' attorney's letter of July 9, 2020, Davis sent plaintiffs' attorney another letter on or about July 22, 2020 by refusing to provide such an appeal..

28. Instead, the City and Davis has threatened to criminally prosecute plaintiffs for alleged failures to correct the disputed violations in her July 7, 2020 letter

29. In doing so, Davis left a voice mail message to plaintiffs' attorney stating that she and the City were treating the plaintiffs more harshly than other apartment owners for reasons that she would eventually disclose to plaintiffs' attorney..

30. As a result of such actions by the City and individual defendant Davis, plaintiff A. Stein has suffered extreme emotional distress and and plaintiffs have suffered financial damages.

Based on the above facts, plaintiffs allege the following claims:

## FIRST CLAIM FOR RELIEF

### (Violation of Civil Rights Under 42 U.S.C. Section 1983 by Plaintiffs Against All Defendants)

31. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 30, and all its subparts, inclusive, as set forth hereinabove.

32. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

33. Plaintiffs are further informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1 thru 29 above, defendants, and each of them, violated, and continues to threaten to violate, the constitutional and civil rights of plaintiffs, in particular their individual rights under the the First and Fourteenth Amendments of the United States Constitution, the Fourth and Fourteenth Amendments of the United States Constitution by searching and seizing their property without an administrative warrant or court order; that the actions of the Defendants, and each of them, violated plaintiffs' individual rights under the substantive and procedural component of the Due Process Clause of the Fourteenth Amendment and violated their individual rights under the Equal Protection Clause of the Fourteenth Amendment as the actions by defendants, and each of them, are irrational and arbitrary and plaintiffs have been differentially treated and overenforced as to the the City and state law in defendants doing so from simliarly situated property operators.

34. The defendants actions describe in paragraphs 1-30 above was done pursuant to official policy, custom, or practice, and any individual doedefendants sued, or to be sued, including Davis individually are not entitled to immunity from suit.

35. Plaintiffs further contend that the City's eviction moratorium ordinance, both on its face.and as applied to them, is violation of the First Amendment's Petition and Grievance Clause as incorporated by the Due Process Clause of the Fourteenth Amendment.

36. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress by A. Stein. Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have suffered and continue to incur will be according to proof at trial but not less than $1,000,000.00 each against the defendants, and each of them, and that they are also entitled to appropriate declaratory and injunctive relief against all the defendants, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial but not less than $1,000,000;

2. For declaratory and injunctive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

## FOR ALL CLAIMS FOR RELIEF

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED: July 23, 2020          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney
for Plaintiffs 1940 CARMEN,
LLC, a California Limited Liability
Company, ALEXANDER STEIN

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: July 23, 2020          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney
for Plaintiffs 1940 CARMEN,
LLC, a California Limited Liability
Company, ALEXANDER STEIN