O

# United States District Court
# Central District of California

| | |
|---|---|
| 1940 CARMEN, LLC, a California Limited Liability Company; ALEXANDER STEIN,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LOS ANGELES, a municipal corporation; CHERILYN DAVIS; and DOES 1-10,<br><br>　　　　　　　Defendants. | Case № 2:20-cv-06772-ODW (Ex)<br><br>Consolidated with<br>Case № 2:20-cv-08130-ODW (Ex)<br><br>**ORDER GRANTING MOTION TO DISMISS [15]** |

## I.   INTRODUCTION

On July 29, 2020, Plaintiffs 1940 Carmen, LLC and Alexander Stein initiated this action against Defendants City of Los Angeles and Cherilyn Davis for alleged constitutional violations. (Compl., ECF No. 1.) Defendants move to dismiss for lack of ripeness and failure to state a claim. (Defs.' Mot. to Dismiss ("Motion" or "Mot."), ECF No. 15.) The matter has been fully briefed. (Opp'n, ECF No. 20; Reply, ECF No. 22.) For the reasons discussed below, the Court **GRANTS** Defendants' Motion.[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND[2]

Plaintiffs allege violation of their civil rights in connection with the apartment building located at 1940 Carmen Avenue, in Los Angeles (the "Property"). (Compl. ¶¶ 3, 33.) Plaintiff Alexander Stein is a principal member of Plaintiff 1940 Carmen, LLC, a California Limited Liability Company. (*Id.* ¶¶ 3, 7.) Together, Plaintiffs own and operate the Property. (*Id.* ¶ 7.)

At some point in 2020, Plaintiffs began renting an apartment unit at the Property to Ms. Dyneka Collier, who is not a party to this action. (*See id.* ¶ 12.) As of the filing of this action, Collier has refused to pay any rent, allegedly on the basis of the City's eviction moratorium ordinance (the "Ordinance"). (*Id.* ¶¶ 13–14.) Plaintiffs allege Collier does not qualify for the Ordinance's protections. (*Id.* ¶ 13.) As of the date of the Complaint's filing, Plaintiffs had not filed any suit against Collier, to evict her or otherwise. (*Id.* ¶ 24.) At some point in 2020, Plaintiffs served Collier with a three-day notice to pay rent or quit possession. (*Id.* ¶¶ 13, 15.) After receiving the three-day notice, Collier lodged a complaint with the Los Angeles Housing & Community Investment Department (the "Department"), alleging that the three-day notice violated the Ordinance and that she was entitled to a more favorable lease agreement. (*Id.* ¶¶ 8, 16.)

The Department assigned investigator Cherilyn Davis to look into the matter. (*Id.* ¶ 18.) Davis has prior dealings with the Property and Plaintiffs, having investigated a different tenant's complaint at some time in the past. (*See id.* ¶ 19.) Apparently, during that past investigation, Davis entered and inspected the Property unannounced and without Plaintiffs' consent. (*Id.* ¶ 20.) Plaintiffs allege that, in both the past and Collier investigations, Davis was "extremely hostile and threatening to [P]laintiffs' employees." (*Id.* ¶ 21.) Davis sent Plaintiffs a letter informing them the three-day notice violated the Ordinance and demanding they withdraw it and give

---

[2] For purposes of this Rule 12 Motion, the Court takes all of Plaintiffs' well-pleaded allegations as true. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Collier her requested lease agreement; Plaintiffs' attorney denied any violations, raised constitutional objections, and demanded an appeal. (*Id.* ¶¶ 22, 25–26.) Allegedly, Davis then denied Plaintiffs' appeal request, threatened criminal prosecution, and left a voice mail message stating the City and Davis were treating Plaintiffs harshly for reasons that would eventually be disclosed. (*Id.* ¶¶ 27–29.) Plaintiffs allege these events caused financial damages, as well as extreme emotional distress for Stein. (*Id.* ¶ 30.)

Based on the above, Plaintiffs assert a "single" cause of action against the City and Davis for violation of Plaintiffs' civil rights under 42 U.S.C. § 1983. Specifically, Plaintiffs allege Defendants violated: (1) the First Amendment's Petition and Grievance Clause, (2) the Fourth Amendment's prohibition against searches and seizures without warrant or court order, (3) the substantive and procedural components of the Due Process Clause, and (4) the Equal Protection Clause through irrational and arbitrary differential treatment. (*Id.* ¶¶ 33, 35.) The Court consolidated this action with a related action, case no. 2:20-cv-08130-ODW (Ex).[3] (Min. Order, ECF No. 13.) Defendants now move to dismiss Plaintiffs' claim under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of ripeness and Rule 12(b)(6) for failure to state a claim. (Mot. 5–15.)[4]

---

[3] On September 4, 2020, Plaintiffs' counsel filed a second action alleging the same facts recited above and adding allegations that Collier retaliated against Plaintiffs after they filed this suit. *See generally* Compl., *1940 Carmen v. City of Los Angeles*, No. 2:20-cv-08130-ODW (Ex) (C.D. Cal. Sept. 4, 2020).

[4] Defendants request that the Court take judicial notice of six documents, comprised of municipal ordinances, official acts, and findings by the City of Los Angeles. (*See* Req. Judicial Notice ("RJN"), ECF No. 16.) Plaintiffs do not oppose the request. (*See generally* Opp'n.) A court may take judicial notice of undisputed matters of public record. *See* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record" and "documents on file in federal or state courts"). Accordingly, the Court takes judicial notice of the proffered documents, but not of reasonably disputed facts therein. *See Lee*, 250 F.3d at 688–89.

### III. LEGAL STANDARD

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A challenge pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where a defendant brings a facial attack on the district court's subject-matter jurisdiction under Rule 12(b)(1), the court "assume[s] plaintiff's factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all

"factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## IV. DISCUSSION

Defendants move to dismiss for lack of ripeness and failure to state a claim. The Court finds Plaintiffs have waived the issue of ripeness and, therefore, the Court lacks jurisdiction to address whether Plaintiffs' claim is sufficiently pleaded.

The Supreme Court has stated that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985). The Ninth Circuit cautions courts that their role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200–01 (1983). If a case is not ripe for adjudication, then courts lack subject matter jurisdiction and should dismiss on that basis. *St. Clair v. City of Chico*, 880 F.2d 199, 201–02 (9th Cir. 1989). "The burden of establishing ripeness . . . rests on the party asserting the claim." *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

Defendants' ripeness argument is tripartite. *First*, Plaintiffs' claim centers on whether they may evict Collier despite the Ordinance, making the claim contingent

upon the future event of filing an unlawful detainer suit. (Mot. 6.) *Second*, any alleged threats of prosecution have not led to administrative citation and Plaintiffs do not identify what provision they allegedly violated. (*Id.*) *Third*, Plaintiffs fail to address the prior two arguments in their opposition and therefore have either waived the issue of ripeness or consented to Defendants' Motion on this ground. (Reply 1.) The Court agrees that Plaintiffs fail to establish that their claim is ripe or otherwise respond to Defendants' ripeness arguments.

Courts need not "manufacture arguments for a[] [party], and a bare assertion does not preserve a claim." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009). In similar vein, "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (quoting *Sportscare of Am., P.C., v. Multiplan, Inc.*, No. 2:10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011)). Plaintiffs provide no legal or factual justification for why their Fourth Amendment or Equal Protection theories of a § 1983 violation are ripe. (*See* Opp'n 2–4, 6–8.) Plaintiffs present a perfunctory First Amendment argument as to the chilling effect of Defendants' alleged threats of enforcement, but fail to address, in any fashion, how the doctrine establishes ripeness or impacts this analysis. (*See* Opp'n 4–5.) "However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. . . . We require contentions to be accompanied by reasons." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).

Plaintiffs do little better with their Due Process Clause theory. Though Plaintiffs' Complaint alleges both substantive and procedural violations, (Compl. ¶ 33), in opposition Plaintiffs seem to abandon any substantive due process theory and focus exclusively upon procedural due process, (Opp'n 8–10). Plaintiffs point to authority supporting that a § 1983 procedural due process claim may be ripe when a

takings claim is not, but apparently recognize the authority's irrelevance as Plaintiffs expressly concede they "are not making a Fifth Amendment claim in this case." (Opp'n 9.) Plaintiffs baldly assert that "[t]he procedural due process claim is ripe," but fail to provide any rationale or relevant authority explaining why.[5] "Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009). As Plaintiffs fail to oppose Defendants' ripeness arguments, the Court may treat the failure as Plaintiffs' waiver or consent.

Plaintiffs also failed to file a timely opposition, exacerbating their inability to meaningfully oppose. Central District Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule). Defendants filed the Motion on December 17, 2020, and noticed the hearing date on February 8, 2021, giving Plaintiffs ample time to prepare an opposition before their January 15, 2021 deadline. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion"); Fed. R. Civ. P. 6 (providing that a period stated in days, which ends on a holiday, continues until the next business day). Plaintiffs filed their Opposition on January 19, 2021, four days late. (*See generally* Opp'n.) As such, the Court finds it has not one, but two grounds for holding the ripeness issue waived.

---

[5] Perhaps realizing the chasmic void of relevant argument, Plaintiffs filed an Errata containing material that "was inadvertently omitted" a day after filing the opposition brief. (Errata, ECF No. 21.) New substantive arguments are improperly raised in the Errata, which is intended for clerical corrections. *See Brent v. Boeing Co.*, No. 2:17-cv-04429-ODW (Ex), 2019 WL 4450424, at *8 n.3 (C.D. Cal. Sept. 17, 2019). Even if the Court did consider this "correction," nothing therein responds to Defendants' ripeness arguments or explains how any of Plaintiffs' theories are ripe.

As the Court treats Plaintiffs' failure to oppose as consent to the granting of Defendants' Motion and as waiver of these issues, Plaintiffs' § 1983 claim is **DISMISSED with prejudice**.

## V. CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss is **GRANTED**. (ECF No. 15.) Plaintiffs' Complaint is **DISMISSED with prejudice**. The Court will issue Judgment.

**IT IS SO ORDERED.**

August 4, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**